Annie S. Wang-Poloskov (SBN 243027)
annie@wangalc.com
J. Andrew Coombs, Of Counsel (SBN 123881)
andy@wangalc.com
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs
Sanrio Company, Ltd. and Sanrio, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio Company, Ltd. and Sanrio, Inc., | Case No. |
| Plaintiffs, | Complaint For: |
| v. | 1. Copyright Infringement; |
| Seoul Tower Sweets LLC d/b/a Right Lites and RightLites, Brent Heltsley, Tingting Heltsley, and Does 1 through 10, inclusive, | 2. Trademark Infringement; 3. Unfair Competition. |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiffs Sanrio Company, Ltd. ("Sanrio Co.") and Sanrio, Inc. ("Sanrio") (collectively "Plaintiffs"), for their Complaint allege as follows:

## A.   Jurisdiction and Venue

1.    The claims alleged herein arise under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* and under the Trademark Act, 15 U.S.C. § 1051, *et seq.*, for (i) direct copyright infringement; (ii) direct trademark infringement; and (iii) unfair competition.  The Court has jurisdiction over the subject matter of the claims for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.,* 28 U.S.C. § 1331 and § 1338(a).  The Court has jurisdiction over the subject matter of the claims for trademark infringement and unfair competition pursuant to

the Lanham Trademark Act, as amended, 15 U.S.C., § 1051 *et seq*. and 28 U.S.C. § 1331 and § 1338.

2.     The events giving rise to the claim alleged herein occurred, among other places, within this judicial district.  Venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**B.     <u>Introduction</u>**

3.     This case concerns the concerted, systematic and wholesale theft of world-famous intellectual properties exclusively owned and/or licensed by Plaintiffs. Defendants are the owners, operators, and/or managers of a network of physical stores and/or kiosks that actively offer, sell and/or distribute a multitude of unlicensed items including, but not limited to, apparel, hats, LED lights, lamps, hair accessories, personal accessories, pins, keychains, plush dolls, household goods, bath loofahs, wallets, purses, backpacks, handbags, cell phone cases, ear phone cases, shoe charms, lanyards, stationery sets, notebooks, memo pads, pens, staplers, decals, stickers, gift bags, and related items as well as accompanying packaging, which incorporate unauthorized likenesses of characters or other logos exclusively owned and/or licensed by Plaintiffs, including but not necessarily limited to, *Hello Kitty, Keroppi, My Melody, Pochacco, Cinnamoroll, Pompompurin, Kuromi, Badtz Maru, Little Twin Stars, Spottie Dottie, Pekkle, Monkichi,* and *Sugar Bunnies* ("Infringing Product(s) and Uses").  Defendants also sold unauthorized co-branded items and used shopping bags and business cards featuring unauthorized depictions of Plaintiffs' characters.  Despite repeated notice of Plaintiffs' claims, Defendants' activities continued.  Plaintiffs were forced to file this action to combat Defendants' unrelenting and willful infringement and the sale of unauthorized and/or counterfeit products bearing Plaintiffs' well-known copyrights and/or trademarks.

**C.     <u>Plaintiffs</u>**

4.     Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in Torrance, California.  Sanrio is,

Sanrio v. Seoul Tower Sweets, et al.: Complaint

and at all relevant times has been, the exclusive U.S. licensee of Sanrio Co., a Japanese corporation.  Sanrio is a wholly-owned subsidiary of Sanrio Co.

5.     For more than fifty (50) years, Sanrio Co. has been engaged in the business of manufacturing, distributing and selling a wide range of products featuring, without limitation, character artwork created, developed and designed by Sanrio Co. for use by children and adults.  Certain characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork.  One such television program is the animated television series entitled *Hello Kitty*.

6.     A significant source of revenue for Plaintiffs is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Keroppi, My Melody, Pochacco, Cinnamoroll, Pompompurin, Kuromi, Badtz Maru, Little Twin Stars, Spottie Dottie, Pekkle, Monkichi, Sugar Bunnies, Gudetama, Aggretsuko, Dear Daniel, Bad Badtz Maru, Chococat, Landy, Monkichi, Patty and Jimmy, Pekkle, Picke Bicke, Tuxedo Sam, Winkipinki, Charmmy Kitty, and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Characters" or "Plaintiffs' Characters").

7.     The business associated with products using the Sanrio Characters sold in the United States is substantial.  The appearance and other features of the Sanrio Characters are inherently distinctive and serve to identify Plaintiffs as the source of products bearing the Sanrio Characters.  The design, configuration and distinctive features of the Sanrio Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Plaintiffs' Copyrights") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, bags and accessories, housewares, keychains, and related merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq*.  Sanrio Co. is the owner of exclusive rights to Plaintiffs' Copyrights and, as featured on and in connection with

- 3 -

various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

8.     Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Plaintiffs' Copyrights and Sanrio Co. owns one or more certificates of registration for works in which each of Plaintiffs' Copyrights appear.  A representative list of copyright registrations is attached hereto as Exhibit A and incorporated herein by reference.

9.     Products featuring Plaintiffs' Copyrights manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Plaintiffs' Copyrights.

10.     Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Characters in the United States.

11.     Sanrio Co. is the owner of world-famous registered marks which serve to distinguish Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five years.  Sanrio Co. engaged in extensive advertising and marketing to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Sanrio Characters is attached hereto as Exhibit B (collectively "Plaintiffs' Trademarks") and incorporated herein by reference.

12.     Plaintiffs' Trademarks are all valid, extant and in full force and effect. Plaintiffs' Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has

- 4 -

continuously used each of the Plaintiffs' Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.     As a result of advertising and sales, together with longstanding consumer acceptance, Plaintiffs' Trademarks identify Sanrio Co.'s products and authorized sales of these products.  Plaintiffs' Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Characters, Plaintiffs' Copyrights, and Plaintiffs' Trademarks are collectively referred to herein as "Plaintiffs' Properties."

**D.     Defendants**

14.     Plaintiffs are informed and believe that Defendant Seoul Tower Sweets LLC ("STS") is a California corporation doing business as Right Lites and RightLites, with its principal place of business in Rialto, California.  Plaintiffs are further informed and believe, and based thereon allege, that Defendant STS does business at various retail store locations throughout Southern California, including, but not limited to, in the cities of Riverside and Montclair.  STS is subject to the jurisdiction of this Court and on information and belief is also manufacturing, promoting, distributing, advertising and/or selling merchandise which infringes Plaintiffs' Properties within this judicial district.

15.     Plaintiffs are informed and believe that Defendant Brent Heltsley ("Heltsley") is an individual and a resident of Rialto, California.  Plaintiffs are further informed and believe, and based thereon allege, that Defendant Heltsley had the right and ability to supervise or control the infringing activity alleged herein and that Heltsley had a direct financial interest in such activity.  In addition or alternatively, Defendant Heltsley had knowledge or reason to know of the infringing activity and took actions which contributed to such activity.

16.     Plaintiffs are informed and believe that Defendant Tingting Heltsley ("T. Heltsley") is an individual and a resident of Rialto, California.  Plaintiffs are

further informed and believe, and based thereon allege, that Defendant T. Heltsley had the right and ability to supervise or control the infringing activity alleged herein and that T. Heltsley had a direct financial interest in such activity.  In addition or alternatively, Defendant T. Heltsley had knowledge or reason to know of the infringing activity and took actions which contributed to such activity.

17.     Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals or supervisory employees, suppliers of the named defendants, or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of Plaintiffs' Properties.  The identities of the various Does are unknown to Plaintiffs at this time. The Complaint will be amended to include the names of such individuals when identified.  The named defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

**E.     Defendants' Infringing Activities**

18.     Long after Plaintiffs' adoption and use of Plaintiffs' Properties on a diverse range of goods and/or services, and after Plaintiffs obtained the rights to the copyright and trademark registrations alleged herein, Defendants adopted and used substantially identical likenesses of Plaintiffs' Properties without Plaintiffs' consent, by manufacturing, advertising, displaying, distributing, selling and/or offering to sell the Infringing Product and engaging in the Infringing Uses, through their multiple physical store locations and/or web-based advertising.  See below non-exhaustive examples of Defendants' unauthorized uses from on or about October 2022:

Sanrio v. Seoul Tower Sweets, et al.: Complaint

| **Non-Exhaustive Sample Unauthorized Uses From on or about October 2022:** | **Non-Exhaustive Sample Rights** |
|---|---|
|  |  Reg. No. VAu 684-322  Reg. No. Vau 1-078-385  Reg. No. VA 1-342-775 HELLO KITTY TM Reg. No. 4620151  TM Reg. No. 1277721  TM Reg. Nos. 4620152, 4818053, 4845782, 4854849, 4869889  TM Reg. Nos. 3253794, 3272377, 3362514 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint










**KUROMI**
TM Reg. Nos. 3693052, 6666138



Reg. No. VA 2-254-294



TM Reg. Nos. 4854850



Reg. No. VA 1-303-874



Reg. No. VA 1-296-115

**MY MELODY**
TM Reg. Nos. 1210192, 1305637



Reg. No. VA 1-416-374



Reg. No. VA 1-370-524

| | KEROPPI<br>TM Reg. No. 3531380 |
|---|---|
|  | <br><br>Reg. No. VA 1-352-721<br><br><br><br>Reg. No. VA 1-342-774 |

19.     On or about October 27, 2022, Plaintiffs served Defendants with notice of their infringement and a demand to cease their unauthorized activities at multiple of their physical retail locations.

20.     Despite acknowledging receipt of the cease-and-desist requests, Defendants' reassurances that infringing sales had ceased, and follow ups to Defendants' then counsel, Defendants' infringing activities did not relent. Defendants were again found offering, marketing, and selling unauthorized, infringing and/or counterfeit merchandise embodying Plaintiffs' Properties on or about January 29, 2023, and again on or about April 20, 2023, at least, in multiple retail locations.  A few non-exhaustive examples of Defendants' continued unauthorized uses well after October 27, 2022, are depicted below:

| **Non-Exhaustive Sample Unauthorized Uses From After October 27, 2022:** | **Non-Exhaustive Sample Rights** |
|---|---|
|  | Reg. No. VAu 684-322 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint

 



Reg. No. Vau 1-078-385

 



Reg. No. VA 1-342-775

 



Reg. No. VA 1-434-211





Reg. No. 1-303-874

HELLO KITTY
TM Reg. No. 1279486, 1215436,
4845738, 4850604





TM Reg. No. 1200083, 1277721





TM Reg. Nos. 4818053, 4850656,
4858350

Sanrio v. Seoul Tower Sweets, et al.: Complaint






Reg. No. VAu 1-078-385



TM Reg. Nos. 3253794, 3272377, 3359800

Sanrio

TM Reg. No. 2435865





Reg. No. VA 1-416-375





Reg. No. VA 1-352-721





Reg. No. VA 1-342-774

KEROPPI
TM Reg. No. 3181348, 3531380

| | |
|---|---|
|  | <br>Reg. No. VA 1-416-373 |
|  | *Sanrio*<br>TM Reg. No. 2435865<br><br>Reg. No. VA 1-303-874<br><br>Reg. No. VA 1-296-115 |
| <br><br> | KUROMI<br>TM Reg. Nos. 3583904, 3693052,<br>6666138, 6666139<br><br>Reg. No. VA 1-416-374<br><br>Reg. No. VAu 1-078-385 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint





Reg. No. VA 2-254-294





Reg. No. VA 1-370-524





Reg. No. VA 130-419





Reg. No. VAu 1-078-385

MY MELODY
TM Reg. No. 1305637





Reg. No. VA 148-778

Sanrio v. Seoul Tower Sweets, et al.: Complaint

 

Reg. No. VAu 684-322

21. Among their extensive unauthorized activities involving a wide range of items, and well after notice of Plaintiffs' rights and objections, Defendants offered and sold unauthorized cross-branded "RIGHTLITES" apparel items with "Sanrio" and "HELLO KITTY face" neck tags that featured characters and/or properties owned by third-parties. A few examples are depicted below:

 

  

22. Additionally, and again well after notice of Plaintiffs' rights and objections, Defendants used and distributed shopping bags and business cards featuring unauthorized depictions of Plaintiffs' characters *Hello Kitty, Kuromi* and

*My Melody*, as applicable.  A few such examples from in or about April 2023, are depicted below:







23.     Defendants have caused their Infringing Product and Uses to enter into interstate commerce and to be transported or used in interstate commerce. Defendants are not licensed by Plaintiffs, and at all relevant times were not authorized by Plaintiffs or any authorized agent of Plaintiffs to display, advertise, manufacture, distribute, sell and/or offer for sale the Infringing Product and Uses.

24.     By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiffs' goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of Defendants' products.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill through their direct actions.

# FIRST CLAIM FOR RELIEF

## (For Copyright Infringement)

25.     Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 24, inclusive, as though set forth herein in full.

26.      Plaintiffs own exclusive rights and interests in and to valid copyrights for and incorporating the Sanrio Characters and Plaintiffs' Copyrights.

27.     Plaintiffs are informed and believe, and upon that basis allege, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

28.     Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continues to suffer direct and actual damages as a result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court.  In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an accounting from each Defendant of all monies generated from the display, offer for, manufacture, distribution and/or sale of the Infringing Products and Uses as alleged herein.  In the alternative, Plaintiffs may elect to recover, for each of its respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

29.     Plaintiffs have no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Plaintiffs are informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' Copyrights will continue with irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek and request permanent injunctive relief pursuant to 17 U.S.C § 502.

30.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims

herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

31.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 30, inclusive, as though set forth herein in full.

32.     Defendants' manufacture, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product and Uses is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product and Uses by Plaintiffs.  Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Trademarks and the use of substantially identical likenesses on the Infringing Product and Uses in the same type of goods made and sold by or under authority of Plaintiffs.

33.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product and Uses were made and sold by Plaintiffs or are in some other manner, approved or endorsed by Plaintiffs.

34.     Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the advertisement, display, offer for, manufacture, distribution and/or sale of

the Infringing Product and Uses as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

35.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

36.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, jointly and severally, their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF
### (For Unfair Competition)

37.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 36, inclusive, as though set forth herein in full.

38.     Plaintiffs, at all relevant times, have been the owner or exclusive U.S. licensee of each of Plaintiffs' Properties, respectively.

39.     Plaintiffs' Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiffs through various media and through the distribution and sale of authorized merchandise bearing or incorporating the distinctive features of Plaintiffs' Properties, and designating Plaintiffs as the exclusive owner or source of such Properties and products.  As a result of the extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, Plaintiffs' Properties are each symbolic of Plaintiffs, and representative of the image which the public has of Plaintiffs.

Sanrio v. Seoul Tower Sweets, et al.: Complaint

40.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have, without permission, authority or license from Plaintiffs or their respective licensees, affixed, applied and/or used in connection with the manufacture, distribution, and/or sale of the Infringing Product and Uses, false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods as originating from Plaintiffs and/or otherwise approved, authorized or affiliated with Plaintiffs, when in fact they are not. Moreover, the Defendants have, upon information and belief, caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.  Defendants, and each of them, by misappropriating and using one or more of Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

41.     Plaintiffs are informed and believe, and upon that basis allege, that the Infringing Product and Uses being manufactured, distributed, and/or sold by Defendants, and each of them, will be damaging to and dilute the goodwill and reputation of Plaintiffs.

42.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Plaintiffs' Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputation, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Plaintiffs are informed and believe, and upon that basis alleges,

that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

43.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

44.     Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

45.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

46.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs require an accounting from each Defendant of all monies generated from the manufacture, distribution and/or sale of the Infringing Product and Uses.

47.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

A.      That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.      Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product and Uses or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation,

- 21 -

including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

6.      Otherwise competing unfairly with Plaintiffs in any manner;

7.      Destroying or otherwise disposing of

    a.      Merchandise falsely bearing Plaintiffs' Properties;

    b.      Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

    c.      Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties, including but not limited to digital/electronic data, graphics, artwork, logos, and screenshots files;

    d.      Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

    e.      Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product and Uses;

B.      That Plaintiffs and their designees are authorized to seize the following items, which are in Defendants' possession, custody or control:

    a.      All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

    b.      Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture,

Sanrio v. Seoul Tower Sweets, et al.: Complaint

reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

      c.     Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

      d.     Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product and Uses or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties;

      e.     Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product and Uses.

C.    That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.    That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.    That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.    That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

/ / /

/ / /

/ / /

1         G.    That Plaintiffs have all other and further relief as the Court may deem

2    just and proper under the circumstances.

3

4    Dated:  May 22, 2023                 Wang Law Corporation

5

6                                      By: _____

7                                          Annie S. Wang-Poloskov

8                                          J. Andrew Coombs, Of Counsel
     Attorneys for Plaintiffs Sanrio Company, Ltd.
     and Sanrio, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sanrio v. Seoul Tower Sweets, et al.: Complaint

## __DEMAND FOR JURY TRIAL__

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Sanrio Co., Ltd. and Sanrio, Inc. hereby demand a trial by jury of all issues so triable.

Dated:  May 22, 2023                                    Wang Law Corporation

By: _____
       Annie S. Wang-Poloskov
       J. Andrew Coombs, Of Counsel
Attorneys for Plaintiffs Sanrio Company, Ltd.
and Sanrio, Inc.

Sanrio v. Scoul Tower Sweets, et al.: Complaint

1

2

## EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

3

4

| Copyright Registration | Title of Work (Character) |
|---|---|
| TX 3-769-888 | SANRIO 1993 Product and Sales Promotion Catalog |
| VA 52-941 | Hello Kitty Bus Stop Seal Set |
| VA 130-419 | MY MELODY, a bunny with hood |
| VA 130-421 | Patty & Jimmy |
| VA 130-422 | LITTLE TWIN STARS, a boy and girl with star background |
| VA 148-624 | Hello Kitty, Little Twin Stars, My Melody and Robby Rabbit Independence Day Stickers (Supplement) |
| VA 148-625 | Tuxedo Sam |
| VA 148-778 | MY MELODY AND FRIENDS FRAGRANT STICKERS |
| VA 148-780 | Hello Kitty Notebook |
| VA 246-420 | Hello Kitty with Teddy Bear Stickers |
| VA 246-421 | Little Twin Stars |
| VAu 498-617 | Chococat |
| Vau 531-649 | Hello Kitty Head Dress 2001 |
| VA 636-579 | KeroKeroKeroppi |
| VA 636-580 | Pochaco |
| VA 636-581 | Zashikibuta |
| VA 636-582 | Pekkle |
| Vau 655-028 | THE RUNABOUTS – 2001 |
| VA 657-748 | KOBUTA NO PIPPO |
| VAu 684-322 | Sanrio 2005 Character Guide |
| VA 707-212 | KeroKeroKeroppi |
| VA 811-440 | Bad Badtz Maru |
| VA 840-494 | Winkipinki |
| VA 840-495 | Monkichi |
| VA 840-496 | Picke Bicke |
| VAu 1-078-385 | Sanrio 2010 Character Guide |
| VAu 1-223-912 | Sanrio Character Mini Brochure 2015 |
| VA 1-296-111 | CHARMMY KITTY / August 04 |
| VA 1-296-115 | 2004 – 100 Characters |
| VA 1-303-873 | DOKIDOKI HOTDOG / THE CHILI PEPPER TRIO / CATALOG EVERYDAY 5 MAY 2003 |
| VA 1-303-874 | Character Merchandising |
| VAu 1-307-709 | AGGRETSUKO/AGGRESSIVERETSUKO |
| VA 1-342-774 | SANRIO 2005 KEROPPI STYLE GUIDE |
| VA 1-342-775 | Sanrio 2002 Hello Kitty Style Guide |
| VA 1-352-721 | KEROPPI / LITTLE FROG …BIG SPLASH |
| VA 1-370-020 | PANDAPPLE(INTRO), FROOLIEMEW(FANCY), CHOCOCAT(DOT)/SANRIO 2005 PRODUCT CATALOG AUG NEW |
| VA 1-370-517 | Cotton Flower Summer 2006 Catalog No. 0602 |
| VA 1-370-524 | MY MELODY&KUROMI(flower);HELLO KITTY(bee bear) Everyday Catalog December 2005 |
| VA 1-370-525 | CHARMMY KITTY (honey); KUROMI; SUGARBUNNIES; |

- 26 -

| | |
|---|---|
| | HELLO KITTY(jewel) Everyday Catalog 2005 |
| VA 1-416-373 | keepin' it green (KEROPPI) |
| VA 1-416-374 | TENORIKUMA(BLUE CAFE), MY MELODY(HEART), KUROMI(KUROMI5), CHARMMY KITTY(RABBIT), HELLO KITTY(LOGO) EVERYDAY CAT.JUNE 2006 |
| VA 1-416-375 | MASYUMARU(INTRO); CINNAMOROLL(SPORT); SUGARBUNNIES(DOUGHNUTS); CHARMMYKITTY(RABBIT); LITTLE TWIN STARS(STARS); HELLO KITTY(BEAR); EVERYDAY CATALOG JULY 2006 |
| VA 1-434-208 | Little Twin Stars with Unicorn Stickers (Supplement) |
| VA 1-434-209 | Hello Kitty, Little Twin Stars, My Melody and Robby Rabbit Independence Day Stickers |
| VA 1-434-211 | Hello Kitty with Teddy Bear Stickers (Supplement) |
| VA 1-962-577 | Gudetama Clear Folder |
| VA 1-967-937 | Strawberry News No. 548/ Introducing Kirimichan and Gudetama, et al. |
| VA 1-967-946 | GUDETAMA Fan Book |
| VA 1-967-947 | Gudetama Philosophy |
| VA 2-070-761 | MY MELODY PYOCONORU |
| VA 2-070-766 | KEROKEROKEROPPI PYOCONORU |
| VA 2-070-766 | HELLO KITTY PYOCONORU |
| VA 2-090-677 | AGGRETSUKO/AGGRESSIVERETSUKO Book of Phrases and Expressions |
| VA 2-102-318 | AGGRETSUKO/AGGRESSIVERETSUKO: Smartphone Application Stamp Images |
| VA 2-254-294 | Kuromi |
| VA 2-272-291 | Kuromi Emojis |
| VA 2-285-309 | Sanrio Characters (Cartoon) |

**EXHIBIT B**

**SANRIO CO.'S TRADEMARKS**

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
|  | 1200083 | 7/6/1982 |
|  | 1277721 | 5/15/1984 |
|  | 1370105 | 11/12/1985 |
|  | 4620152 | 10/14/2014 |
|  | 4818053 | 9/22/2015 |
|  | 4850656 | 11/10/2015 |
|  | 4845781 | 11/3/2015 |
|  | 4845782 | 11/10/2015 |
|  | 4850654 | 11/10/2015 |
|  | 4854849 | 11/17/2015 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint

| | | |
|---|---|---|
|  | 4854850 | 11/17/2015 |
|  | 4858350 | 11/24/2015 |
|  | 4858352 | 11/24/2015 |
|  | 4858353 | 11/24/2015 |
|  | 4869889 | 12/15/2015 |
|  | 4850654 | 11/10/2015 |
| HELLO KITTY | 1215436 | 11/10/2015 |
| HELLO KITTY | 1279486 | 5/29/1984 |
| HELLO KITTY | 4620151 | 10/14/2014 |
| HELLO KITTY | 4845723 | 11/3/2015 |
| HELLO KITTY | 4845735 | 11/3/2015 |
| HELLO KITTY | 4845738 | 11/3/2015 |
| HELLO KITTY | 4845741 | 11/03/2015 |
| HELLO KITTY | 4850604 | 11/10/2015 |
| HELLO KITTY | 4850607 | 11/10/2015 |
|  | 3249704 | 6/5/2007 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint

| | | |
|---|---|---|
|  | 3253794 | 6/19/2007 |
|  | 3260857 | 7/10/2007 |
|  | 3260858 | 7/10/2007 |
|  | 3272377 | 7/31/2007 |
|  | 3359800 | 12/25/2007 |
|  | 3359801 | 12/25/2007 |
|  | 3362513 | 1/1/2008 |
|  | 3362514 | 1/1/2008 |
|  | 3445304 | 6/10/2008 |
| MY MELODY | 1210192 | 9/28/1982 |
| MY MELODY | 1305637 | 11/20/1984 |
| CINNAMOROLL | 2952634 | 5/17/2005 |
| CINNAMOROLL | 2955391 | 5/24/2005 |
|  | Serial No. 90621247 | Filed 4/2/2021 |

- 30 -

Sanrio v. Seoul Tower Sweets, et al.: Complaint

| | | |
|---|---|---|
|  | Serial No. 90621016 | Filed 4/2/2021 |
|  | Serial No. 90621071 | Filed 4/2/2021 |
| KUROMI | 3583904 | 3/3/2009 |
| KUROMI | 3693052 | 10/6/2009 |
| KUROMI | 6666138 | 3/8/2022 |
| KUROMI | 6666139 | 3/8/2022 |
| KUROMI | 6817674 | 10/6/2009 |
| KEROPPI | 3181348 | 12/5/2006 |
| KEROPPI | 3531380 | 11/11/2008 |
| KEROKEROKEROPPI | 3531378 | 11/11/2008 |
|  | 2435865 | 3/13/2001 |
|  | 4854804 | 11/17/2015 |
| POCHACCO | 2236507 | 4/16/1999 |

Sanrio v. Seoul Tower Sweets, et al.: Complaint